**WEN YONG CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,\* U.S. Attorney General, Respondent.**

**No. 08–2422–ag.**

United States Court of Appeals, Second Circuit.

Feb. 25, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Scott E. Bratton, Cleveland, OH, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Christopher C. Fuller, Senior Litigation Counsel, Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. WALKER, and Hon. GUIDO CALABRESI, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Yong Chen, a native and citizen of China, seeks review of the April 18, 2008 order of the BIA affirming the October 16, 2006 decision of Immigration Judge ("IJ") William P. Van Wyke denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Yong Chen,* No. A 98 384 286 (B.I.A. Apr. 18, 2008), *aff'g* No. A 98 384 286 (Immig. Ct. N.Y. City Oct. 16, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008).

In concluding that Chen was not credible, the IJ properly found that his testimony was internally inconsistent. For example, during Chen's testimony regarding a priest in China who allegedly wrote a letter in support of his asylum application, he initially stated that his parents informed the priest about his alleged persecution and asked the priest to write a letter on Chen's behalf. However, shortly thereafter, Chen testified that he spoke with the priest after he arrived in the U.S. and informed him of the persecution. The IJ also based his credibility determination on Chen's conflicting testimony regarding whether one of the church members, Chen Yuan, was present at a secret meeting where the petitioner was arrested. When petitioner was initially asked who was present at the meeting, petitioner did not mention Chen Yuan's presence. However, later, when he was specifically asked whether Chen Yuan was at the meeting, he answered the question affirmatively.

In each case, Chen was given an opportunity to explain the inconsistency, and he did so. But, Chen's explanations would not compel a reasonable fact-finder to credit them. Accordingly, the agency could rely on the inconsistencies in making its credibility determination. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir. 2005).

The IJ also properly relied on his observation of Chen's demeanor, which he found reflected negatively on Chen's credibility. The IJ observed that Chen appeared to have memorized the contents of his asylum application and concluded that he was essentially reciting that information without any subjective memory of those events. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007) (en banc) (finding that an IJ "who assesses testimony together with witness demeanor is in the best position to discern, often at a glance ... whether a witness who hesitated in response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script' ").

The internal inconsistencies within Chen's testimony, coupled with the IJ's observations of his demeanor, provide substantial evidence for the IJ's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Corovic,* 519 F.3d at 95; *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) (emphasizing that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder").

As only evidence that Chen would be persecuted depended on his credibility, we

find no error in the IJ's denial of Chen's application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

█ Because Chen failed to challenge the agency's denial of his request for CAT relief before either the BIA or this Court, we find that any such argument has been abandoned. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007); *see also Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).